UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS WHITE, JR. and | ) | |
| LINDA WHITE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0317-SEB-TAB |
| | ) | |
| AMBERS FISHER and | ) | |
| M&D TRANSFER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO SHOW CAUSE**
**REGARDING UPCOMING SETTLEMENT CONFERENCE**

This cause is set for a settlement conference on March 17, 2008. The order setting that conference specifically stated that in advance of that conference counsel were to exchange an "updated" demand and response. [Docket No. 28 at 2.] In other words, Plaintiffs were to lower their demand somewhat, and Defendants were to up their offer a bit, so that the Magistrate Judge could focus settlement efforts at the March 17 conference on bridging a more realistic settlement gap rather than wasting time moving the parties off of settlement positions that do not reflect a good faith assessment of the settlement value of the case.

Unfortunately, this did not happen. Instead, Plaintiffs simply reiterated their prior demand made at the initial pretrial conference, prompting Defendants to reiterate their same offer.[1] It is understandable that Defendants did not wish to "bid against themselves" (settlement jargon parties frequently invoke) in response to Plaintiffs' failure to modify their demand. Thus,

---

[1] This "updated" demand and offer is set forth in a March 4, 2008, letter submitted to the Magistrate Judge in compliance with the Court's January 16, 2008, order. [Docket No. 28.]

the standoff at hand is properly attributable to Plaintiffs and/or their counsel.

Of course the Court cannot require that parties lower their settlement demands or increase their settlement offers.  However, when parties request assistance in resolving their disputes by way of a Court-supervised settlement conference, the Court is well within its authority to require the parties to negotiate in good faith prior to the conference so as to utilize everyone's time most efficiently and provide the best opportunity to achieve settlement.  *See Cole v. Wodziak*, 169 F.3d 486, 489 (7th Cir. 1999) ("Exaggerated claims impede settlement and consume scarce judicial resources."); *Trippee Mfg. Co. v. Am. Power Conservation Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources."); *Resolution Trust Corp. v. Platt*, 853 F. Supp. 294, 297 (S.D. Ill. 1993) ("This Court, as well as most federal courts in the country, is overburdened by a crowded docket.  Therefore, 'the promotion of settlement is, as a practical matter, 'an absolute necessity.''"), citing *Alvarado Partners, L.P. Mehta*, 723 F. Supp. 540, 551 (D. Colo. 1999), *quoting Nelson v. Bennett*, 662 F. Supp. 1324 (E.D. Cal. 1987)).

Attorneys who respect the goal of securing "the just, speedy, and inexpensive determination of every action" embodied in Fed. R. Civ. P. 1 should work to narrow the gap on their own prior to a Court-supervised settlement conference.  This means making good faith efforts to reduce the monetary gap between the parties' settlement positions, reducing the number of legal issues to be resolved, or taking other steps that increase the likelihood of settlement.  It certainly means that counsel will abide by the order setting the settlement conference requiring an updated settlement demand.  Failure to obey a pretrial order, or failure to participate in a pretrial conference in good faith, may result in sanctions, which may include an

order requiring the attorney or a party (or both) to pay reasonable expenses and attorney's fees incurred. Fed. R. Civ. P. 16(f); *see also Guillory v. Dotmar Industries*, 95 F.3d 1320, 1334 (5th Cir. 1996) ("We cannot allow parties to waste the court's dispute resolution assets by pretending to support settlement while never intending to settle the case.")

Counsel should not use an upcoming settlement conference as an excuse to postpone meaningful settlement discussions. Such discussions in advance of a settlement conference might narrow the focus of the dispute or even eliminate it entirely. As a result of Plaintiff's inexplicable failure to provide an updated settlement demand, this opportunity has been lost. The Court declines to impose sanctions under these circumstances. However, based upon the foregoing, the parties shall show cause by March 12, 2008, why the March 17, 2008, settlement conference should not be vacated.

Dated: 03/07/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Matthew C. Boulton
KELLER & KELLER
matt@2keller.com

Robert Ballard Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Randall L. Juergensen
KELLER & KELLER
randy@2keller.com

Kelly Michelle Scanlan
BOSE MCKINNEY & EVANS, LLP
kscanlan@boselaw.com

Mary Stuart White
WHITE & WHITE LLC
mwhite@provide.net